AUSTIN CHAPIN & others *vs.* FIRST UNIVERSALIST SOCIETY IN CHICOPEE.

An equitable estate will not sustain a writ of entry.

Separate conveyances by trustees, not for a charity or public trust, of their separate shares in the trust property, are void.

A conveyance to certain persons, trustees of a voluntary association, " in trust for the stockholders of said association " *habendum* " to the said stockholders, their heirs and assigns," gives the stockholders the equitable and not the legal estate.

WRIT OF ENTRY to recover possession of a portion of a building in Chicopee, " constructed as a church edifice with its appurtenances." Plea, nul disseisin. The parties submitted the following case to the decision of the court:

The building in question was erected in 1836, by the Cabotville Mechanics' Association, which was a voluntary association, formed for this purpose, having a written constitution and by-laws, and records of stock and of notes, and whose stock was issued to the subscribers, (most of whom were members of the

tenants' society,) in proportion to their subscriptions. The upper part of the building was fitted up as a church, and has since been occupied by the tenants, paying no rent, and applying the rents of pews for preaching. The rent of the shops in the lower part of the building has been received by the treasurer of the Mechanics' Association, and paid over to their stockholders.

On the 17th of January 1837, the building and land wer conveyed by John Chase to John Chase and four others, " trustees of said association, in trust for the stockholders of the Cabotville Mechanics' Association, their heirs and assigns," *habendum* " to the said stockholders, their heirs and assigns."

The four demandants, either as original subscribers or by purchase, own all the shares in that association. One of them is John Chase, one of the original trustees; and Austin Chapin, another of the demandants, is the grantee by several conveyances of the title of each of them of the other four trustees.

*J. Wells,* for the demandants. The deed from John Chase to himself and others, trustees, " in trust for the stockholders of the Cabotville Mechanics' Association," vested the legal title in the " stockholders " — provided they were capable of taking the title. *Sammes's case,* 13 Co. 54. *Newhall* v. *Wheeler,* 7 Mass. 189. *Davis* v. *Hayden,* 9 Mass. 514. *Norton* v. *Leonard,* 12 Pick. 152. *Earle* v. *Wood,* 8 Cush. 430. *Pratt* v. *Sanger,* 4 Gray, 84. 1 Hilliard on Real Property, *c.* 22, §§ 11 *& seq.* " Stockholders " (with the aid of the subscription or contract of association) is a sufficient designation of the persons beneficially interested, to enable them to take the legal title. *Shaw* v *Loud,* 12 Mass. 447. *Hall* v. *Leonard,* 1 Pick. 27. *Thomas* v *Marshfield,* 10 Pick. 364.

If the title of the demandants is merely equitable, they may maintain ejectment upon it and their prior possession. *Newhall* v. *Wheeler,* 7 Mass. 189. *Goodwin* v. *Hubbard,* 15 Mass. 209. *Hadley* v. *Hopkins Academy,* 14 Pick. 240. *North Bridgewater Congregational Society* v. *Waring,* 24 Pick. 304. *Den* v. *Sinnickson,* 4 Halst. 149. *Smith* v. *Lorillard,* 10 Johns. 338. *Jackson* v. *Hubble,* 1 Cow. 613. Adams on Ejectment, (Amer. ed.) 45, 46 & notes. 1 Cruise Dig. tit. 12, *c.* 2, § 37.

49 *

The tenants being in by permission of the demandants, or their grantors, are estopped to deny their title. *Bailey* v. *Kilburn,* 10 Met. 176. *Cobb* v. *Arnold,* 8 Met. 398.

There was nothing in the character of the trust, or the duty of the trustees, which obliged them to retain the title in themselves. The demandants are entitled to recover the whole estate against strangers to their title, although the evidence does not show the transfer of all the shares of the original trustees to them. *Benedict* v. *Morse,* 10 Met. 223.

*H. Vose,* for the tenants. The demandants can recover only upon the strength of their own title, and not upon the weakness of the tenants'; and it must be a legal, and not a merely equitable title. 2 Greenl. Ev. § 331. 1 Cruise Dig. (Greenl. ed.) tit. 12, *c.* 2, § 36, & note. *Williams* v. *Ingell,* 21 Pick. 289. *Raymond* v. *Holden,* 2 Cush. 264. *Taft* v. *Stevens,* 3 Gray, 506.

By the deed of Chase of January 17th 1837, the legal estate in the premises conveyed vested in fee in the five grantees named as joint tenants, and the stockholders became interested as *cestuis que trust.* Rev. Sts. *c.* 59, §§ 10, 11. *Cleveland* v. *Hallett,* 6 Cush. 403. *Earle* v. *Wood,* 8 Cush. 447. *King* v. *Parker,* 9 Cush. 80. *Attorney General* v. *Federal Street Meeting House,* 3 Gray, 1. The *habendum* " to the said stockholders, their heirs and assigns," created no other estate in the stockholders, different from what they acquired under the grant to the trustees, in the premises of the deed. 4 Cruise Dig. tit. 32, *c.* 21, §§ 67–77. *Sumner* v. *Williams,* 8 Mass. 174.

As joint trustees, the original grantees under the deed of January 17th 1837 had an equal power, interest and authority in and over the trust estate; and, if they had any power to convey, all must join in any conveyance of their legal interest in the trust estate. They had no separate legal interest of their own on which their separate deeds would operate. Willis on Trustees, 136. 2 Story on Eq. § 1280. 1 Hilliard on Real Property, *c.* 25, §§ 37, 66. *Sinclair* v. *Jackson,* 8 Cow. 553, 584. *Wilbur* v. *Almy,* 12 How. 180. *Leffingwell* v. *Elliott,* 8 Pick. 455.

Shaw, C. J. The sole question in this case is that of legal title. The four demandants claim title to the premises on their

own seisin ; the tenants traverse by their plea of nul disseisin ; and thus the question of legal title is raised. But the demandants do not hold jointly ; two of them seem to have no other title than as stockholders in an association not incorporated, called the Cabotville Mechanics' Association, having themselves no other interest than that of *cestuis que trust.*

As a general rule, trustees, not for a charity or public trust, must join in holding or conveying trust property for the preservation of the trust, and separate conveyances by each of his aliquot part or separate share will be void. If the trust is apparent on the deed, all who take under it will take subject to such trust. That was the case here. These demandants do not show any legal estate. Two of them are *cestuis que trust,* or assignees or grantees of *cestuis que trust,* as shareholders in the stock of the voluntary unincorporated association known as the Cabotville Mechanics' Association. This is not a case in which it could be pretended that the use was within the statute of uses, so that the use was vested by force of the statute, and constituted an estate in fee.

If it is asked, what remedy the demandants have, who hold various shares in the joint stock of this unincorporated association ; the answer is, by bill in equity, if they have any beneficial interest in the estate, requiring the trustees to execute their trust by effecting a partition or sale, so as to secure to each the proceeds of his beneficial interest. It may be that the trusts in favor of the Universalist Society, or others, have priority to those of these shareholders, so that they have no valuable beneficial interest, and of course no remedy. But at all events they do not show that legal title necessary to maintain this action. *Cleveland* v. *Hallett,* 6 Cush. 407.          *Demandants nonsuit.*